UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYER KALETH L. A., | No. 1:26-cv-04971-RLP |
| Petitioner, | ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART |
| v. | |
| WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY, et al., | |
| Respondents. | |

Before the Court is Petitioner Royer Kaleth L. A.'s ("Petitioner") petition for writ of habeas corpus. ECF No. 1. Mr. G.P. filed his petition pro se; due to the complexity of the issues, counsel was appointed on reply. Mr. L.A. contends his ongoing detention violates the INA and the Due Process clause of the Fifth

ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART ~ 1

Amendment and he should be released.  Respondents contend Mr. L.A. is subject to mandatory detention based on his arrest and conviction record and his detention while removal proceedings are pending is lawful. The Court concludes that neither basis asserted for mandatory detention is supported by the record and orders a bond hearing.

## BACKGROUND

Mr. L.A. is a citizen of Venezuala who entered the United States in El Paso, Texas, on February 3, 2024, seeking asylum without immigration documents. ECF No. 1 at 5; 7-1 at 3. According to Mr. L.A., he received an I-94 and an immigration court date of December 2026. *Id.* He lives in Dallas, Texas with his partner, who is pregnant. He has a degree in psychology from Yacambu University. *Id.*

On November 16, 2025, Mr. L.A. was arrested in Tarrant County, Texas, for theft, assault of a family member, evading arrest and resisting arrest. ECF No. 7-2 at 4. On January 29, 2026, he was charged with robbery and assault of a family member. *Id.* at 5-6. On April 27, 2026, Mr. L.A. plead guilty to misdemeanor charges of assault causing bodily injury to a family member, evading arrest, and resisting arrest. *Id.* at 6-10. The robbery charge appears to have been dropped or not pursued and the third-degree assault charge was dismissed. *Id.* at 7.

On April 29, 2026, Mr. L.A. was taken into immigration custody pursuant to a DHS warrant. ECF No. 7-3. He was transferred to the Central Valley Annex in

ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART ~ 2

California where he remains in custody. ECF No. 1.

On July 1, 2026, an Immigration Judge ordered Petitioner removed to Venezuela. ECF No. 7-4. According to Executive Office for Immigration Review website, an appeal of the order of removal was filed on July 31, 2026. *See acis.eoir.justice.gov/en/.*

Mr. L.A. filed this Petition for Writ of Habeas Corpus challenging the government's authority to detain him without a bond hearing while removal proceedings are pending. Petitioner alleges the government's asserted authority to hold him in mandatory custody is incorrect. He requests the Court find his detention without a bond hearing violates the INA and the Due Process Clause of the Fifth Amendment. ECF No. 1, 10. Respondents claim that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) because he was arrested and charged with robbery and was convicted of assault.

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be

ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART ~ 3

granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

IMMIGRATION & NATIONALITY ACT

The INA authorizes the Government to detain "certain aliens seeking admission into the country" (Section 1225) and "certain aliens already in the country pending the outcome of removal proceedings." (Section 1226) *Jennings v. Rodriquez*, 583 U.S. 281, 289 (2016).

The sections differ in terms of the process for detention. Section 1225(b)(2)(A) provides that "applicants for admission" must be detained for removal proceedings if the examining immigration officer determines "beyond a doubt" that the alien is not entitled to admission. Other than some limited exceptions, detention under § 1225(b)(2) is considered mandatory. *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (citing *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475 (S.D.N.Y. 2025)).

Section 1226(a), on the other hand, sets out the "default rule" for noncitizens already present in the country. *Jennings v. Rodriquez*, 583 U.S. 281, 288 (2016). Under this discretionary rule, "[a]n immigration officer makes the initial determination to either detain or release the noncitizen, but after that decision has

ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART ~ 4

been made, the noncitizen may request a bond hearing before an immigration judge." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (citing 8 C.F.R. § 1236.1(c)(8), (d)(1)). At any such bond hearing, "the burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'" *Id.* (citing *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017)).

However, § 1226(c) lists exceptions to the default rule of § 1226(a): detention is required of noncitizens who have committed certain types of crimes. 8 US.C. § 1226(c). The Laken Riley Act, signed into law on January 29, 2025, added a mandatory detention category for an inadmissible alien who is "charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 US.C. § 1226(c)(1)(E). Here, Respondents allege the Laken Riley Act governs and Petitioner is subject to mandatory detention.

### 1. Assault Conviction

Respondents contend that Petitioner's "assault with bodily injury conviction" falls within § 1226(c)(1)(E). ECF No. 7 at 3. Petitioner argues he was

ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART ~ 5

not convicted of "assault with *serious* bodily injury" (emphasis added) as listed in §1226(c)(1)(E). Petitioner's detention under the Laken Riley Act is only appropriate if the Texas criminal statute of which he was convicted contains as an essential element a requirement that death or serious bodily injury result. *See Singh v. Chestnut*, No. 26-cv-00546, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026) (concluding that the Laken Riley Act appeared to apply to a Petitioner arrested for "battery with serious bodily injury" under California law because the charge appeared on its face to be an enumerated crime causing "serious bodily injury"). Petitioner plead guilty to Texas Penal Code § 22.01(a)(1), which is violated when a person "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse." Under Texas law, "bodily injury" is defined as any physical pain, illness, or impairment, while "serious bodily injury" involves "substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." Tex. Penal Code §§ 1.07(8), 1.07(46). On its face, Petitioner's assault conviction does not include the required elements of serious bodily injury triggering mandatory detention under § 1226(c).

Furthermore, there is no evidence that Petitioner's crime resulted in serious bodily injury. There is no arrest report or other information regarding the events leading to Petitioner's arrest. There are no facts before the Court suggesting a

ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART ~ 6

serious bodily injury occurred. Therefore, Respondents have not established that § 1226(c)(1)(E) mandatory custody is established based on the assault arrest or conviction.

   *2.  Robbery Arrest*

   Respondents contend that Petitioner's arrest for robbery falls within the mandatory detention provision of § 1226(c)(1)(E). ECF No. 7 at 3. Petitioner argues the robbery charge was dismissed and is therefore not a basis for detention under the Laken Riley Act.

   Respondents implicitly acknowledge the robbery charge was dismissed or otherwise discharged without prosecution. Therefore, Respondents rely solely on the fact that Petitioner was *arrested* for robbery. Courts have construed the Laken Riley Act to apply only where an individual is *currently* charged with or arrested for the enumerated crimes and concluded mandatory detention is not required when charges are never filed or where an individual has been acquitted. *Singh v. Chestnut*, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026) (citations omitted). Likewise, "several courts within the Ninth Circuit have found that the Constitution cannot permit mandatory detention without a bond hearing under § 1226(c) where the predicate charge has been dismissed." *Montalvan Reyes v. Warden*, 2026 WL 760264, at *3 (E.D. Cal. Mar. 18, 2026) (collecting cases). This Court agrees. Once the robbery charge was dismissed or otherwise resolved without conviction,

ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART ~ 7

Petitioner was no longer subject to mandatory detention under § 1226(c) based on the robbery arrest.

Therefore, since neither Petitioner's assault conviction nor his robbery arrest qualify him for mandatory detention under § 1226(c), Petitioner's detention is governed by § 1226(a).

## DUE PROCESS

The Fifth Amendment Due Process Clause ensures against the deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions,* 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The clause extends also to immigration proceedings, including detention and deportation proceedings. *Id.* at 693-94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question

ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART ~ 8

remains what process is due.").

a.  *Protected Liberty Interest*

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas,* 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032 (N.D. Cal. 2025). The Court therefore finds that Petitioner has a liberty interest protected by the Constitution.

b.    *Process Required*

The Court is to consider three factors in determining the process required by the Constitution: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first factor, Petitioner has a substantial private interest in his own

ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART ~ 9

liberty. He has been detained for four months and has been moved away from his home and partner. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

As to the second factor, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Petitioner has not received a bond or custody determination. Because civil immigration detention is "nonpunitive in purpose and effect," due process requires that a "special justification" outweigh Petitioner's protected liberty interest. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," as noted above, due process is particularly at stake when the predicate charges asserted as the basis for Petitioner's mandatory detention were dismissed or incorrectly considered. Accordingly, the second factor weighs in Petitioner's favor. *See A.E. v. Andrews*, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

As to the third factor, Respondents rest on its § 1226(c) analysis which, as discussed above, is incorrect. While the Court recognizes that the Government may have an interest in enforcement of immigration laws, its interest in continued detention without procedural protections is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). The cost required to provide Petitioner procedural safeguards is minimal. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal.

ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART ~ 10

2025). Notice and custody determination hearings are routine processes for Respondents and are indeed the very processes required under § 1226(a). Any burden associated with the provision of these processes does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

It is noted that Respondents contend that if relief is granted, Petitioner should be required to exhaust remedies via a *Joseph* hearing. At a *Joseph* hearing, "the detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *Demore v. Kim,* 538 U.S. 510, 514, n. 3, 123 S.Ct. 1708 (2003); *see Jennings v. Rodriguez*, 583 U.S. 281, 289 n.1 (2018) ("Anyone who believes that he is not covered by § 1226(c) may also ask for what is known as a '*Joseph* hearing.' *See Matter of Joseph,* 22 I. & N. Dec. 799 (BIA 1999)."). Noncitizens "who deny that they satisfy any § 1226(c) predicate may challenge their mandatory detention in a *Joseph* hearing" in immigration court. *Nielsen v. Preap*, 586 U.S. 392, 418 n.8 (2019); *see* 8 C.F.R. § 1003.19(h)(2)(ii). Having already found that due process has been violated by the incorrect application of § 1226(c) to the facts of this case, a *Joseph* hearing would only further delay process which is due. Therefore, the Court concludes the appropriate remedy is an immediate bond hearing.

ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART ~ 11

**Accordingly, IT IS ORDERED:**

1. Petitioner's Petition for Habeas Corpus, **ECF No. 1**, is **GRANTED.**

2. Petitioner's Motion for Temporary Restraining Order, **ECF No. 2**, is **DENIED AS MOOT.**

3. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondents **SHALL** provide Petitioner (A# 201460347) with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances, lack of criminal history, harm to his family, and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART ~ 12

4. Within two days of the date of the bond hearing, Respondents are directed to file a notice in this court certifying compliance with this Order, stating the outcome and attaching a transcript of the bond hearing.

**IT IS SO ORDERED.** The Court clerk shall enter this Order, enter judgment for Petitioner, provide copies to counsel, and **CLOSE** the file.

**DATED** August 11, 2026.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART ~ 13